UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 7, 2019

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AURELIA STANTON,<br><br>Defendant. | Case No.<br><br>Grand Jury Original<br><br>VIOLATIONS:<br>Counts One and Two: 18 U.S.C. § 1343 (Wire Fraud)<br><br>Counts Three through Five: 18 U.S.C. § 1344(2) (Bank Fraud)<br><br>Counts Six through Eight: 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft)<br><br>Count Nine: 22 D.C. Code §§ 3221(a) and 3222(a)(1) (First Degree Fraud)<br><br>Forfeiture Allegation<br>18 U.S.C. §§ 981(a)(1)(c); 982(a)(2)(A); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

At all times material to this indictment:

### BACKGROUND

1. Company A was an investment banking firm with offices located at 1100 Connecticut Ave NW, Washington, D.C.

2. Person 1 was the founder and CEO of Company A.

3. Defendant Aurelia STANTON ("STANTON") worked as an Accountant/Administrative Assistant ("office manager") for Company A from in or about June 2014 through on or about May 8, 2017. As office manager, STANTON was responsible for

1

ensuring timely payment of bills and invoices, accurate bookkeeping, and managing the office, among other matters.

4. Company A maintained a checking account at Citibank N.A. ("Citibank"). Funds in the Company A bank account were intended to be used for legitimate business expenses of Company A.

5. STANTON was not authorized to sign checks drawn on the Company A bank account and was not authorized to use Company A funds to pay her personal expenses.

6. At all times relevant to this indictment, Citibank was a financial institution with deposits insured by the Federal Deposit Insurance Corporation ("FDIC").

## COUNTS ONE AND TWO
(Wire Fraud – 18 U.S.C. § 1343)

7. The allegations contained in paragraphs 1 through 6 of this Indictment are re-alleged as if fully set forth herein.

8. Beginning in or about August 2015, through on or about May 8, 2017, in the District of Columbia and elsewhere, the defendant, AURELIA STANTON, devised and intended to devise a scheme to defraud and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts in connection with the deposit and negotiation of forged Company A checks.

### Purpose of the Scheme to Defraud

9. It was a purpose of the scheme to defraud for STANTON to enrich herself by depositing, negotiating, and forging Company A checks made payable to herself without authorization.

### Manner and Means of the Scheme

10. It was part of the scheme to defraud that STANTON used Company A check stock to draft checks made payable to herself without authorization.

11. It was further a part of the scheme to defraud that, to conceal the fraudulent nature of the checks that she wrote to herself, STANTON often wrote legitimate business expenses, such as "Visas," "Shipping," and "Supplies," in the memo lines of many of the checks.

12. It was further a part of the scheme to defraud that STANTON forged the signature of Person 1 on the checks she wrote to herself.

13. It was further a part of the scheme to defraud that STANTON deposited and negotiated the checks that she had written to herself at Citibank branches in the District of Columbia and elsewhere.

14. It was further a part of the scheme to defraud that, to conceal her fraudulent conduct, STANTON falsified entries and deleted transactions in the QuickBooks financial ledger maintained by Company A.

15. It was further a part of the scheme to defraud that STANTON concealed these disbursements from Company A's bank account by using a computer software program to edit Company A's bank statements by removing references to the fraudulently drafted, negotiated, and forged checks she had written on the account.

16. It was further a part of the scheme to defraud that STANTON concealed these disbursements from Company A's bank account by emailing the false bank statements to representatives for Company A as if they were legitimate.

### The Execution of the Scheme

17. On or about the dates set forth below, defendant STANTON, for the purpose of executing the aforementioned scheme and artifice to defraud, did transmit and cause to be

transmitted by means of wire communication in interstate commerce the following writings, signs, signals and sounds in the District of Columbia, and elsewhere:

| Count: | Date (on or about): | Wire Transmission: |
|---|---|---|
| 1 | 04/27/2017 | STANTON sent an email to Company A's legal representatives attaching a false bank statement for the month March 2017. |
| 2 | 05/02/2017 | STANTON sent an email to Person 1 attaching a false bank statement for the month of April 2017. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## COUNTS THREE THROUGH FIVE
(Bank Fraud – 18 U.S.C. § 1344(2))

18.    The allegations set forth in paragraphs 1 through 6, and 10 through 16 of this Indictment are re-alleged and incorporated by reference.

19.    Beginning in and around August 2015, and through on or about May 8, 2017, in the District of Columbia and elsewhere, the defendant, AURELIA STANTON, devised a scheme and artifice to defraud Citibank, a financial institution, and to obtain moneys, funds, credits, assets, securities or other property owned and under the custody and control of Citibank, by means of materially false or fraudulent pretenses, representations, or promises, to wit, STANTON deposited and negotiated for cash, checks with forged signatures drawn on an account at Citibank held in the name of Company A and without the authorization of Company A.

20.    On or about the dates listed in the table below, in the District of Columbia, the defendant, AURELIA STANTON, knowingly executed and attempted to execute the scheme and artifice to defraud as set forth above:

| Count | Execution Date | Check Number | Amount |
|---|---|---|---|
| 3 | 03/31/2017 | 7777 | $3,000 |
| 4 | 04/20/2017 | 7789 | $2,770 |

| Count | Execution Date | Check Number | Amount |
|---|---|---|---|
| 5 | 5/1/2017 | 7794 | $2,100 |

(Bank Fraud, in violation of Title 18, United States Code, Section 1344(2))

## COUNTS SIX THROUGH EIGHT
### (Aggravated Identity Theft)

21. The allegations set forth in paragraphs 1 through 6, 8 through 16, and 19 of this Indictment are re-alleged and incorporated by reference.

22. On or about the dates listed below for each count, in the District of Columbia, the defendant, AURELIA STANTON, during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), that is, Wire Fraud in violation of 18 U.S.C. § 1343 and Bank Fraud in violation of 18 U.S.C. 1344(2), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, a signature, knowing that said means of identification belonged to another actual person, as described below for each count

| Count | Date (on or about) | Check Number | Means of Identification | Amount |
|---|---|---|---|---|
| 6 | 03/31/2017 | 7777 | Name / Signature of Person 1 | $3,000 |
| 7 | 04/20/2017 | 7789 | Name / Signature of Person 1 | $2,770 |
| 8 | 5/1/2017 | 7794 | Name / Signature of Person 1 | $2,100 |

(Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1))

## COUNT NINE
### (First Degree Fraud)

23. The allegations set forth in paragraphs 1 through 6, 8 through 16, an 19 of this Indictment are re-alleged and incorporated by reference.

24. From in or around August 2015, through on or about May 8, 2017, within the District of Columbia, the defendant, AURELIA STANTON, engaged in a scheme and systematic

course of conduct with intent to defraud and to obtain property of Company A by means of materially false and fraudulent pretenses, representations, and promises, and thereby obtained property and caused Company A to lose property, the value of which is $1,000 or more.

**(First Degree Fraud, in violation of Title 22, D.C. Code, Sections 3221(a), 3222(a)(1))**

### CRIMINAL FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One and Two of this Indictment, the defendant, AURELIA STANTON, shall forfeit to the United States any property, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. Upon conviction of the offense alleged in Counts, Three, Four, and Five, the defendant shall forfeit to the United States any property consisting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this violation.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(2)(A), and Title 21, United States Code, Section 853(p)).**

A TRUE BILL

FOREPERSON

*Jessie K. Liu*

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA